D. ROWLAND, use, &c., v. JULES LEVY.

Where a negotiable note was made payable at the office of a mercantile firm in New Orleans, and a remittance made by the maker to such firm on account of the note—*Held :* That the remittance was not a valid payment of the note, the firm at whose office the note was payable, not being the agents of the holder.

APPEAL from the District Court of the Parish of Pointe Coupée, *Ratliff,* J., presiding. *T. J. & W. H. Cooley,* for plaintiff and appellant. *F. H. Farrar,* for defendant.

LAND, J. The defendant made his promissory note as follows:
" $322 25.                          NEW ORLEANS, March 5, 1857.

Six months after date, I promise to pay to the order of *David Rowland,* three hundred and twenty-two dollars and twenty-five cents, at the office of *Messrs. C. W. Pollard & Co.,* New Orleans, value received."

The note is endorsed "*David Rowland*—pay to the order of *J. L. Wibray, Esq.,* cash, N. Y.*"*

At maturity the note was presented for payment by the Southern Bank, the holder, at the office of *Pollard & Co. ;* payment was refused, and the note protested.

The defendant remitted the sum of $250, on the 7th of September, 1857, to *Pollard & Co.,* to be applied in part payment of the note. The receipt of the remittance was acknowledged on the 10th of the same month.

*C. W. Pollard & Co.* failed to pay the $250 received from the defendant on the note. The question presented, under the pleadings is, was this a valid payment of the note *pro tanto ?*

The defendant contends, that as the note was made payable at the office of *C. W. Pollard & Co.,* the plaintiff, *David Rowland,* thereby constituted them his special agents to receive payment of this note, and that the payment of the $250 to them was valid.

The note was negotiable, and had been endorsed by *Rowland* before maturity, and the obligation of the defendant was to *pay the holder,* and not *Rowland.*

The holder was the Southern Bank, and it is not pretended that *C. W. Pollard & Co.* were the agents of the bank, with authority to receive payment of the note.

A payment is not valid unless made to the creditor or his authorized agent. C. C. 2136.

*McLaren & Brown* are now the holders of this note, and sue in the name of *Rowland.* The $250 were not paid *to the creditor, the holder of the note, or his authorized agent,* and did not, therefore, constitute a valid payment, *pro tanto,* of the note.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and that plaintiff, for the use of *McLaren & Brown,* recover of the defendant, the sum of three hundred and twenty-two dollars and twenty-five cents, with five per cent. per annum interest thereon, from the 5th day of September, 1857, and costs in both courts.