No. 10,772.

*JAMES HANSFORD, *Appellee*, v. W. S. MESERVE, as Guardian, etc., *Appellant*.

### HEADNOTE BY THE REPORTER.

NOTE—*Mortgage—Payments—Agency*. An agent who loans money, and collects and remits interest to a nonresident holder of note and mortgage, and is expressly authorized to remit principal and interest after a loan is due, is authorized to receive payment on said note and mortgage, although they are not at the time in his possession.

Appeal from Wyandotte district court. Opinion filed July 8, 1898. Affirmed.

*C. S. McLane,* and *Reed & Reed,* for the appellant.
*Mills, Smith & Hobbs,* for the appellee.

*Per Curiam:* The Gossard Investment Company was a corporation for the loan of money, handling of securities, and for acting as agent for investors. Nathaniel Stevens, of New Hampshire, was a patron of the company. He made investments through it and it acted as his agent for the collection of moneys due upon his securities, payment of taxes for him, etc., etc. He died leaving John H. Stevens, a minor son, as an heir. The defendant was appointed by a probate court in New Hampshire as guardian of the minor. The Nathaniel Stevens estate had five thousand dollars in the hands of the Gossard Investment Company. The administrator of the estate allowed this sum to the defendant as a portion of the distributive share due his ward, John H. Stevens. Upon application of Mrs. Lilly D. Gregory, made to the Gossard Investment Company and forwarded to the defendant, he authorized the in-

---

*NOTE.—This case was not reported in full when the opinion was filed (see *Meserve v. Hansford*, 59 Kan. 777), and is reported here because it was cited in the case of *Wilson v. Haun*, ante, p. 445.

vestment company to loan the money in its hands for him as guardian. This was done, security taken in the name of the investment company, and by it forwarded to the defendant.

He kept these securities in his possession, but shortly before the maturity of interest coupons thereon forwarded them to the investment company for collection. The company remitted the interest at maturity except in a few instances when payment was delayed. The amount loaned to Mrs. Gregory was secured by two different mortgages upon different pieces of property. One piece of this property was sold and conveyed by her to the plaintiff soon after the making of the loan upon it., He assumed the mortgage and thereafter made the interest payments upon it. Before the maturity of the principal debt he made two payments upon it aggregating nineteen hundred dollars. These payments were made to the Gossard Investment Company. The plaintiff was aware that the company had sold the mortgage securities, but supposed it to be still the owner. These payments of principal were not remitted to the defendant, and he was ignorant of the fact they had been made. At the maturity of the principal debt the plaintiff tendered the unpaid balance and demanded a surrender and cancellation of the mortgage. This was refused, whereupon he instituted an action to compel its cancellation and to quiet his title against the claim of mortgage lien. The court below made findings of fact and rendered judgment in his favor. The material findings for the purposes of the case as we view it are as follows:

"31. That W. S. Meserve held and owned said note and mortgage as the guardian of John H. Stevens. That John H. Stevens was the son and heir of one Nathaniel Stevens. That said Nathaniel Stevens in his lifetime had been dealing with the Gossard Investment Company for several years, buying mortgages, and other securities, from it, and entrusting said company with the caring for his securities and with the collection of interest and principal thereon.

"That said W. S. Meserve as guardian for John H. Stevens took possession of his ward's estate, including said mortgages and other securities negotiated by the Gossard Investment Company in 1889, and by correspondence and in person continued the handling of said securities through the Gossard Investment Company until about August 1, 1894. That said Gossard Investment Company collected all the principal and interest that was collected on said mortgages, and as the same was collected gave W. S. Meserve as guardian credit therefor, on its books, except as hereinbefore stated.

"32. That there existed an open book account between said company and said guardian all the time since said guardian took charge of said estate, a part of the time said guardian being in overdraft with and indebted to said company and a part of the time said company being indebted to said guardian. That said company allowed said guardian interest at the rate of six per cent per annum on all balances of account in his favor, and said guardian allowed said company interest at the same rate on all balances in its favor. That said company debited said account with mortgages furnished and remittances made to said guardian, and credited said account with collections of principal and interest made on said securities.

"33. That said company had prior to October 1, 1891, made a number of collections on other mortgages on account of both principal and interest, without having the notes or mortgages or coupons therefor in its possession. That said W. S. Meserve, guardian, had no other agent or party representing him or collecting interest or principal, or giving his securities any care or attention, in Kansas City, than said company until 1894. That said company attended to foreclosing all mortgages and paying all taxes for said guardian whenever necessary.

"34. That all collections on account of interest made by said Gossard Investment Company on the mortgages in controversy in this suit were immediately credited to the account of said guardian but said payments on account of principal were carried in the 'Certificate of Deposits' account until August 1, 1894, when the said company credited the said guardian's account with the sum of nineteen hundred dollars, on account of the principal of said mortgage."

The above findings are decisive of the case in favor of plaintiff. We have taken the trouble to examine them in the light of the evidence, particularly of the account of dealings between the parties, and the correspondence between them. They are well supported by the evidence. In fact, the evidence more positively establishes the fact of an agency in the Gossard Investment Company for defendant than the court has stated in its findings. Under the law the payment of money to an agent authorized to receive it is a payment to the principal.

The judgment of the court below is affirmed.