Joe A. Goodyear v. F. A. Williams *et ux.*

No. 14,335.    (85 Pac. 300.)

SYLLABUS BY THE COURT.

1. AGENCY—*Payment to Alleged Agent—Proof of Authority.* In a foreclosure suit, under a plea of payment through an agent, where it appears that the note and coupons were payable at a certain bank, and that the defendant paid the same to a third person in no way connected with the bank and before the principal note became due, and that the alleged agent, at the times of payment, did not have possession of either the coupons or the note, it is error to admit as evidence of the controverted agency any of the following: (1) Statements of the alleged agent made at the time of the execution of the papers, without the knowledge of the mortgagee, that the interest coupons might be paid to him; (2) letters written by the plaintiff to the alleged agent which relate only to specific claims against other persons and of which the defendant had no knowledge at or before the time of the payment; (3) entries in a loan register, not a book of accounts, kept by the alleged agent, of which neither the plaintiff nor defendant had any knowledge at or prior to the time of payment.

2. ——— *Payment to a Third Party — Presumption as to Agency.* Where a debtor delivers money to a third person for the purpose of paying a promissory note which is not due, and such person does not have the note in his possession, the presumption is that the person receiving the money does so not as the agent of the creditor but as agent for the debtor. This presumption can only be overcome and the converse established by evidence to the contrary.

Error from Sedgwick district court; Thomas C. Wilson, judge. Opinion filed March 10, 1906. Reversed.

STATEMENT.

The plaintiff in error commenced this suit in the district court of Sedgwick county to recover upon a promissory note and coupons, and to foreclose a real-estate mortgage given to secure the same, the note having become due by reason of a default in the pay-

ment of an interest coupon. The defendants, Williams and wife, answered that there was a condition in the note and mortgage by the terms of which they were authorized, at their option, to pay off the same at any interest-paying period by giving thirty days' notice in writing; that in June, 1902, they paid the same to one H. F. Goode, the agent of the plaintiff, and that they paid interest on the principal sum up to the 1st day of August, 1902, which was the next interest-paying day. The principal note by its terms did not mature until the 1st day of February, 1903. The plaintiff, by verified reply, denied the agency of H. F. Goode to receive such payment, and alleged that plaintiff had no knowledge that Goode had ever pretended to collect the note until the filing of the answer in this suit, and that at the time of the alleged payment the note sued on was in the possession of the plaintiff at his home in Manchester, Mich.

The claim that the defendants paid the principal note and the coupon for interest thereon to August 1 to Goode is uncontroverted, and it is uncontroverted that the alleged agent, Goode, never paid the same over to the plaintiff. Goode died insolvent before the commencement of this suit, and either the plaintiff or defendants must lose the amount paid to him. From a judgment for the defendants the plaintiff prosecutes error.

*Adams & Adams,* for plaintiff in error.

*Emera E. Wilson,* and *Edward Dill,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The sole issue in this case is whether Goode was the agent of the plaintiff to receive the alleged payment. It is not contended that Goode had the possession of the principal note or of the coupon claimed to have been paid at the time of the payment of the note. Goode could only become the agent of the

13—73 KAN.

plaintiff by will of the plaintiff and the acceptance of such agency by Goode. The intent of the plaintiff to make Goode his agent might have been evidenced by written or oral instructions directing Goode to take charge of plaintiff's loans generally at Wichita · and to collect the same at his discretion before or after maturity, or by such directions relating specifically to the loan of defendants; or such authority from the plaintiff to Goode might have been presumed by the defendants from transactions between the plaintiff and Goode which came to their knowledge before the payment. If the defendants had known of such transactions between the plaintiff and Goode prior to the payment as would justify them in believing that Goode had general authority over the loans of plaintiff in that locality, and had authority to receive payment of the same before due and without the possession of the notes and mortgages securing such loans, the plaintiff would be estopped from denying the authority of Goode to receive the payment.

We think, however, there is no evidence in this case of express authority to Goode as a general or special agent of the plaintiff. Nor is there evidence of such dealings between the plaintiff and Goode, the knowledge of which came to the defendants before the payment, as would justify them in presuming such agency or would estop the plaintiff from denying the same. Statements of the alleged agent made in the absence and without the knowledge of the plaintiff, at the time of the execution of the note and mortgage, that the interest coupons might be paid to him, are not competent evidence upon the issue in this case. Nor are letters written by the plaintiff to the alleged agent which relate only to specific claims against other persons, and of which the defendants had no knowledge at or before the time of payment, competent evidence. Nor are the entries in a loan register, not a book of accounts, kept by the alleged agent, of which neither the plaintiff nor the defendants are shown to have

had any knowledge prior to the alleged payment, competent evidence upon the issue in this case.

Where a debtor delivers money to a third person for the purpose of paying a note which is not due, and of which such person is not in the possession, the presumption is that the person receiving the money does so not as the agent of the creditor but as the agent of the debtor. This presumption can only be overcome and the converse established by evidence to the contrary. The presumption of agency from the possession of the note by the person claiming payment is ordinarily sufficient in itself to justify the debtor in making the payment, and the want of such possession is of itself sufficient to put the debtor upon inquiry as to the authority of the agent to receive payment. If this be so, it would seem that the circumstances must be strong, in the absence of direct authority from the creditor, that would justify a debtor in paying a note, especially one not due, to a pretended agent so as to bind the creditor thereby. Such circumstances, it would seem, must practically amount to an estoppel upon the creditor to deny the authority of the agent —an estoppel *in pais*.

If the dealings of the plaintiff with the defendants or with others, of which the defendants were cognizant, reasonably led the defendants to believe that Goode had full authority from the plaintiff to receive payment of the debt without having possession of the note, and if the defendants made the payment to Goode relying upon such conduct of the plaintiff, then it might be said that it would be a fraud for the plaintiff to deny Goode had such authority, and the plaintiff might be estopped by such conduct from denying it; but such is not the evidence in this case. The evidence of Williams as to what Goode said in regard to the payment of the interest coupons to him would only be competent after the agency of Goode was established, and is incompetent for the purpose of establishing such agency. It is not shown that Williams

relied on the transactions set forth in the letters, or in the entries in the loan register, as he is not shown to have had any knowledge of either at the time of the payment.

There are other trial objections, but they are really based upon the incompetency of the evidence referred to above and we do not consider it necessary to discuss them. The judgment of the district court is reversed, and a new trial granted.

All the Justices concurring.