No. 20,429.

FRANK G. HAMLIN and MARY D. WRIGHT, as Executors and as Trustees, etc., *Appellants*, v. F. H. NACE and CLARA B. NACE, *Appellees.*

SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Authority of Local Agent of Owner to Receive Payments—Evidence.* One who negotiates a mortgage loan or an extension of such loan and at whose office the interest and principal are to be paid when due, is not, as of course, the agent of the mortgagees to receive such payments, but such agency may be established by proof of the course of dealing between such person and the mortgagees.

2. SAME. Where a loan from two mortgagees is negotiated through a loan broker and the principal and interest are payable at the broker's office, and the money loaned is remitted to him to be paid to the borrower, and the broker divides his commission with one of the mortgagees, and where the mortgagees are accustomed not to forward the coupon notes or principal notes to the designated place of payment— the broker's office—but to retain them until he collects the payments of

Hamlin v. Nace.

interest and principal thereon and remits the money to them, and where it is shown that this is the customary course of business, not only as to this loan but also on a number of similar loans made through the same broker on behalf of the same mortgagees, and that they transacted all such business in that locality in this manner, such evidence is sufficient to warrant the conclusion that the broker was the authorized or ostensible agent of the mortgagees to receive partial payments on the principal of the mortgage debt payable at interest-paying periods.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed December 9, 1916. Affirmed.

*M. A. Gorrill, Henry H. Asher,* both of Lawrence, *Frank H. Hamlin,* and *Henry W. Hamlin,* both of Canandaigua, N. Y., for the appellants.

*J. H. Mitchell,* and *S. D. Bishop,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This case turns on the question which arises on the default of a loan agent at whose office payments of interest and principal on a mortgage are to be made, when such agent fails to transmit to a mortgagee the moneys paid to him by a mortgagor for the reduction of the mortgage indebtedness.

In 1904 William Nace mortgaged his farm to the plaintiffs, residents of New York, to secure a loan of $2000 payable in five years. The loan was procured through Wm. T. Sinclair, who was for many years a loan agent in Lawrence. The interest was regularly paid to Sinclair, who remitted to plaintiffs, and they in turn forwarded the interest coupons thus paid to him for surrender to the debtor. Later Nace conveyed the farm to his son, F. H. Nace, the defendant, and when the debt became due an extension agreement was made between plaintiffs and defendant through negotiations conducted by Wm. T. Sinclair. The extension agreement provided for optional payments of multiples of $100 at any interest-paying periods, principal and interest, "to be paid, when due, at the office of Wm. T. Sinclair, in Lawrence." The plaintiffs were the trustees of a New York estate, and the loan was made and extended on its account. One of these trustees was

a member of a firm of lawyers who attended to the business of the estate, and he and his law firm conducted the correspondence with Sinclair pertaining to the Nace loan. Nace paid $50 to Sinclair for securing the extension, and Sinclair divided this sum with the New York lawyers, who were the attorneys for the trustees and one of whom was himself a trustee.

F. H. Nace made two payments of $500 each on the principal of the debt. These sums were received by Sinclair, but he failed to remit to the plaintiffs. As later interest payments became due Nace paid according to his reduced indebtedness, and Sinclair added a .sufficient sum to take up the coupons according to their original tenor, thus concealing from plaintiffs the fact that the defendant had repeatedly exercised his option to make payments upon the principal debt. Eventually Sinclair died, and the plaintiffs brought foreclosure proceedings; and this appeal is brought to determine the correctness of the judgment of the district court, which held that defendant Nace was entitled to credit for the two payments of $500 each which he paid to Sinclair.

It is urged that evidence touching other business dealings between plaintiffs and Sinclair was improperly admitted. Since the vital issue in the case was the question whether Sinclair was the agent of plaintiffs or of defendant in the matter of receiving and transmitting the defendant's payments of interest and principal, we think that evidence showing the scope and nature of Sinclair's agency was admissible. (1 Wigmore on Evidence, §§ 94, 376, 377; 31 Cyc. 1219.) The competent evidence showed beyond cavil that Sinclair was the general agent of plaintiffs for its business in Douglas county, Kansas. He made many loans for plaintiffs, prepared the papers, abstracts, recommended the security and collected the interest and principal. He divided his· commissions with the law firm of one of the plaintiff trustees. One of the plaintiffs testified that the plaintiffs had a number of loans in Kansas, and that their business was transacted through Sinclair.

"Q. Were payments on these several mortgages to which I have called your attention made by the mortgagor to the trustees? A. There were payments made of interest and of some principal.

"Q. And were any of those payments made directly or personally to yourself or Mrs. Wright? A. No.

"Q. And were these payments made through William T. Sinclair? A. Yes.

.     .     .     .     .     .     .     .     .     .     .

"Q. Were the coupon notes forwarded to Sinclair before these payments were received by you, or after? A. After.

"Q. Are you sure? A Yes, I never sent coupons on for collection.

"Q. When you forwarded the money that this mortgage was given to secure, how was that forwarded? A. By draft.

"Q. By New York draft payable to whom? A. I do not remember; I think Sinclair.

.     .     .     .     .     .     .     .     .     .     .

"Q. They were not sent to Sinclair himself for collection? A. No."

A mass of correspondence between plaintiffs and Sinclair touching the Nace loan, the division of the commission (under the guise of payment to one of the plaintiffs for examining the abstract) was introduced. The correspondence related also to other and similar loans and remittances of principal as well as interest, and it must be held that this evidence was competent as showing the general course of business dealings between Sinclair and the plaintiffs, and it clearly establishes that Sinclair was plaintiffs' general agent in this business. That some slight inferences to the contrary might possibly be drawn from the correspondence and from the evidence in general is unavailing since the special findings conclude that phase of the controversy. (*Wilson v. Haun,* 97 Kan. 445, 447, 155 Pac. 798.) While the authorities are many which hold that a place of payment or designated depository for the payment of interest and principal of a debt does not imply that payment there is an absolute satisfaction of the debt unless such depository or the person in charge of such place of payment is in possession of the securities (*Goodyear v. Williams,* 73 Kan. 192, 85 Pac. 300) yet other circumstances may be proved which will clearly show the person in charge of the place of payment to be the creditor's agent; and in this case the plaintiffs' own testimony proved that they never forwarded the coupons or securities to the place of payment, and never surrendered these evidences of indebtedness and securities until the money was transmitted to them by Sinclair. Such was their course of dealing. How then could the rule urged by plaintiffs apply to this case when Nace was to pay at the office of Sinclair, and plaintiffs regularly withheld the coupons and

securities until they had received the cash from Sinclair? (*Shane v. Palmer,* 43 Kan. 481, 482, 23 Pac. 594; *Fowle v. Outcalt,* 64 Kan. 352, syl. ¶ 2, 358, 359, 67 Pac. 889; *Hansford v. Meserve,* 97 Kan. 450, 53 Pac. 835; *Harrison Nat. Bank v. Austin,* 65 Neb. 632; *Campbell v. Gowans,* 35 Utah, 268. See, also, *Quinn v. Dresbach,* 75 Cal. 159; *Thompson et al. v. Elliott,* 73 Ill. 221; *May v. Trust Co.,* 138 Mo. 275.)

We have carefully examined *Goodyear v. Williams,* 73 Kan. 192, 85 Pac. 300, for its possible bearing in this case. Section 2 of the syllabus reads:

"Where a debtor delivers money to a third person for the purpose of paying a promissory note which is not due, and such person does not have the note in his possession, the presumption is that the person receiving the money does so not as the agent of the creditor but as agent for the debtor. This presumption can only be overcome and the converse established by evidence to the contrary."

In this case the burden of proving that Sinclair was plaintiffs' agent when he received the payments made by Nace was successfully borne by the defendant, as found by the trial court upon sufficient and competent evidence, and this compels an affirmance of the judgment.