### QUINONES v. BORRAS, MUNOZ & CO.

(Circuit Court of Appeals, First Circuit. November 22, 1923.)

No. 1624.

1. **Principal and agent** ⬤➡105(2)—**Provision for deposits with mortgagee's firm held to make firm agent to receive payments.**

A provision of a mortgage that mortgagor should deposit the net receipts from the mortgaged theater with mortgagee's firm *held* properly construed as making the mortgagee's firm his agent for receiving payment of the debt.

2. **Courts** ⬤➡406(1)—**Circuit Court of Appeals slow to reverse concurrent judgment of Porto Rican courts.**

The Circuit Court of Appeals should be slow to reverse the concurrent judgment of the Porto Rico Supreme and district courts on the question of the construction of a mortgage provision.

3. **Costs** ⬤➡238(1)—**Not allowed where defendant in error has not appeared.**

Where defendant in error has filed no brief and made no appearance in the Circuit Court of Appeals, no costs can be allowed on affirmance of the judgment.

In Error to the Supreme Court of Porto Rico.

Suit by Borras, Munoz & Co. against Maria Matta Quinones. Judgment for plaintiff was affirmed on appeal to the Supreme Court of Porto Rico, and defendant brings error. Affirmed.

E. B. Wilcox, of San Juan, Porto Rico (Juan B. Soto, of San Juan, Porto Rico, on the brief), for plaintiff in error.

Jacinto Texidor, of San Juan, Porto Rico, for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This writ of error cannot be sustained. The opinion of the judge of the district court of San Juan, in which this

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

suit was brought, and, on appeal, of the learned judge in the Supreme Court, conclude the case beyond reasonable doubt.

[1] It is a suit for the cancellation of a mortgage given by the owners of a moving picture theater to Arthur Bird, the managing partner of the firm that supplied the materials for building the theater, to secure a debt of $5,370.25. This mortgage, as properly construed by both courts, provided that the debt should be paid by the mortgagor's depositing with the mortgagee's firm the net receipts from the shows held in the theater. These deposits were made, and the trial court found that the mortgagor had paid, principal and interest, the sum of $6,151.55 in accordance with the only stipulation in the mortgage providing place and manner of payment.

[2] While in the translation of the opinion of the Supreme Court the provision for payment is a little more explicit as to making the mortgagee's firm his agent for the purpose of receiving payment than in the translation of the opinion of the district court, yet it clearly appears, from the entire instrument, that the parties agreed that such deposits should operate as payment. On such a question, even if close, as this is not, we should be slow to reverse the concurrent judgment of both Porto Rican courts.

[3] As the defendant in error filed no brief and made no appearance in this court, no costs can be imposed.

The judgment of the Supreme Court of Porto Rico is affirmed, without costs to the defendant in error in this court.