HENRY KNIGHT & SON, INC., v. SHALL

———

(October 15, 1928. Opinion and Decree.)

———

Hall, Monroe & Lemann, Walter J. Suthon, Jr., of New Orleans, attorneys for plaintiff, appellant.

Conzelmann and Gaudet, of New Orleans, attorneys for defendant, appellee.

JANVIER, J., ad hoc. Plaintiff corporation sues defendant for $432.50, interest, and attorneys' fees on a promissory note representing the balance of the purchase price of certain cattle.

The note was made payable to plaintiff corporation and was given to M. Glaser & Sons, Inc., who, as agents of plaintiff, had sold the cattle to defendant.

The note was not paid at maturity and shortly thereafter was sent by the payee to attorneys in New Orleans for collection.

On October 5, 1921, the attorneys for the payee by registered mail demanded of the maker payment of the principal, interest and attorneys' fees. A registry return card bearing the defendant's name was received by the attorneys. Shortly thereafter someone giving his name as H. M. Shall called the attorneys by telephone and asked that no action be taken on the note as he would be in on the following Saturday to take care of it.

Thereafter, on October 18, 1927, having received no payment, the attorneys again made a demand for payment by registered mail and again received a registry return card bearing the defendant's name.

In the meantime, to-wit, on October 12, 1921, the maker of the note called at the office of Glaser & Sons, and gave to them cash sufficient to cover the face of the note and interest, but did not include a sufficient amount to pay the attorney's fees.

Glaser & Son did not have the note in their possession and of course did not and could not surrender it. Nor, which is more important, did Glaser & Son turn over to plaintiff or plaintiff's attorneys, the amount of the payment, and shortly thereafter Glaser & Son became defunct. The question presented is whether the payment to Glaser & Son discharged the obligation to the extent of the amount paid.

Plainly it did not. The rule in such cases is well stated by Joyce in his work quoting Defenses to Commercial Paper, Sec. 977:

"In order to constitute the payment of a negotiable instrument a discharge thereof, the payment must have been made to the legal holder in possession thereof, or to his duly constituted agent with authority to receive the payment. And if payment is made to one not in possession of the instrument, and without delivery up thereof, he does so at his peril, unless the person receiving payment has authority from the holder or owner as his agent to receive payment thereof."

It will not do to say that as Glaser & Son were agents of plaintiff for the purpose of selling the cattle, that they were likewise agents for the purpose of receiving the price, because the cattle were not sold for cash, but on time, and it is provided in our Civil Code, in Article 2146:

"A special power to sell includes a power to receive the price, unless the contrary appear from the power, or unless the power be only to sell on a credit, in which case the attorney has no right to receive the price."

The fact that the note was payable at the office of Glaser & Son will not justify the maker in having made payment to Glaser & Son, as the note was not in their possession and was not surrendered by

them when payment was made. As was said in Aguilar vs. Bourgeois, 12 La. Ann. 122:

"The mere designation of the Recorder's Office, as the place where the note is to be paid, does not authorize the payment of it to the Recorder himself.

"Without a special authority to the Recorder to collect it, the money left with him is to be considered a deposit and at the risk of the depositor. The fact that the creditor endeavored to collect from the Recorder the money which had thus been deposited for him does not imply that he considered the deposit as a payment, nor bar his recovery from the debtor."

To the same effect is the decision in Rowland vs. Levy, 14 La. Ann. 223, wherein the court said:

"Where a negotiable note was made payable at the office of a mercantile firm in New Orleans, and a remittance made by the maker to such firm on account of the note—Held: That the remittance was not a valid payment of the note, the firm at whose office the note was payable, not being the agents of the holder."

The truth of the matter seems to be that Shall was well aware of the fact that his note provided for the payment of attorneys' fees and that, as it was in the hands of attorneys, the fees were due; and, apparently, as payment was made to Glaser & Son in the hope that he could thus avoid paying the attorneys' fees.

Having made payment to the wrong person he did so at his peril.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of Henry Knight & Son, Inc., and against H. M. Shall, in the sum of $432.50, with interest at eight per cent (8%) from August 16, 1921, until paid, and with attorneys' fees at ten per cent (10%) on the whole amount, and with all costs of both courts.