## LEMIEUX BROS. CO., INC., v. TROPICAL CLOTHING MFG. CO.

(May 11, 1931. Opinion and Decree.)
(May 25, 1931. Rehearing Refused.)

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellee.

Isaac S. Heller, Leslie Moses and Leopold Stahl, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit based upon certain interest coupons aggregating $156.25. The petition alleges that under date of February 15, 1927, defendant mortgaged to the Mortgage & Securities Co. of New Orleans, certain property located in the city of New Orleans, as security for a loan of $65,000, represented by sixty-five promissory notes of $1,000 each, payable to bearer at the office of the Mortgage & Securities Company; that interest on said notes, at the rate of 6½ per cent per annum, was represented by 951 interest coupons payable semi-annually on the first day of February and the first day of August of each year; that plaintiff is the owner in due course of five coupons identified with five notes numbered 52, 53, 54, 55 and 56, which coupons were payable August 1, 1929, and are in the sum of $31.25 each, and, according to their tenor, payable at the office of the Mortgage & Securities Company; that plaintiff presented the coupons at the office of the mortgage company for payment but was unable to collect same.

Defendant answered admitting the execution of the mortgage, the promissory notes and the coupons but denied liability to plaintiff because it had paid to the mortgage company an amount sufficient to redeem all interest coupons maturing August 1, 1929, including those held by plaintiff, and avers that plaintiff's failure to collect same was due to his laches in delaying, for more than one week, the presentation of the coupons, the mortgage company having gone into the hands of a receiver on August 8, 1929; that the mortgage company was the agent of plaintiff and other holders of said coupons and that payment to the mortgage company under the circumstances amounted to payment to plaintiff.

There was judgment below in plaintiff's favor as prayed for and defendant has appealed.

We are not impressed with the defense of laches. The delay in presenting the coupons does not appear extraordinary. Moreover, it has not been established that the coupons would have been paid if presented immediately after their maturity.

The sole question for our consideration is whether the Mortgage and Securities Company, to which corporation defendant paid the sum called for by these interest coupons, was the agent of plaintiff or defendant.

It appears from the record that defendant, the Tropical Clothing Manufacturing Company, applied to the Mortgage & Securities Company for a loan of $65,000. After some discussion concerning the terms of the loan, it was agreed that the mortgage company should receive a commission of $3,250, and on that basis the loan was obtained. The loan was secured by a mortgage upon the property of defendant and divided into sixty-five notes of $1,000 each, to which interest coupons covering the term of the loan were attached. The notes were sold by the mortgage company, and plaintiff became the owner of five of them. As the interest coupons matured, plaintiff deposited them for collection in its account with the Interstate Trust & Banking Company. The bank, in turn, presented them to the mortgage company for payment which, when made, would be credited to plaintiff's account. The commission paid the mortgage company was intended to compensate it for "servicing the loan" which the vice-president of that corporation explained meant acting as "paying agent" and supervising the payment of taxes and insurance

on the mortgaged property. Much stress is laid upon this service in an effort to establish agency on behalf of the plaintiff, the idea being that in looking after the payment of the taxes and insurance on the property, important and valuable services were rendered the holders of the mortgage notes. It must be conceded that the mortgagee would be benefited by such service, but it must also be admitted that this service inured to the benefit of the mortgagor, and that, in acting as paying agent of the coupons and mortgage notes, the mortgagor would be the sole beneficiary, since the object of paying the coupons in that manner is plainly one of convenience to the mortgagor.

Able counsel directs our attention to the following authorities: General Convention v. Torkelson, 73 Minn. 401, 76 N. W. 215; Kraus v. Dowell, 119 Wash. 90, 204 P. 795; Wells v. Combs, 205 Ky. 622, 266 S. W. 249; Quinones v. Borras, Munoz & Co. (C. C. A.) 293 F. 390; Hamlin v. Nace, 99 Kan. 286, 161 P. 655, and Sherrill v. Cole, 144 Okla. 301, 291 P. 54. In each of the cases cited, under facts somewhat similar to those obtaining in the instant case, payment to a loan company or a loan broker was held to be payment to the holder of negotiable securities, but we believe that the cases cited may be distinguished upon the facts found. For example, in the case at bar, the mortgagor anticipated the maturity of the notes and coupons and deposited with the mortgage company an amount to take care of the anticipated maturities. The coupons of plaintiff were collected by plaintiff's bank upon presentation to the Mortgage and Securities Company. The mere fact that they were payable at the mortgage company is, in our view, insufficient to constitute that company the agent of plaintiff.

In Rowland v. Levy, 14 La. Ann. 223, it was held that:

"Where a negotiable note was made payable at the office of a mercantile firm in New Orleans, and a remittance made by the maker to such firm on account of the note * * * the remittance was not a valid payment of the note, the firm at whose office the note was payable, not being the agents of the holder."

For the reasons assigned the judgment appealed from is affirmed.