NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-43

STACY MEAUX

VERSUS

LARRY MOORE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 101401-K
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

**********

CANDYCE G. PERRET

JUDGE

**********

Court composed of Candyce G. Perret, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.

APPEAL DISMISSED.

**Stacy Michael Meaux**
**In Proper Person**
**1404 Maude Avenue**
**Abbeville, LA 70510**
**PLAINTIFF/APPELLANT**

**Larry Moore, Sr.**
**In Proper Person**
**1408 Maude Ave.**
**Abbeville, LA 70510**
**FOR DEFENDANT/APPELLEE**

**Louis Simon**
**In Proper Person**
**1403 Maude Ave.**
**Abbeville, LA 70510**
**DEFENDANT/APPELLEE**

**Keith Scott**
**In Proper Person**
**1408 Maude Avenue**
**Abbeville, LA 70510**
**DEFENDANT/APPELLEE**

**Kemeisha Scott**
**In Proper Person**
**1408 Maude Ave.**
**Abbeville, LA 70510**
**DEFENDANT/APPELLEE**

**Marylinn Boudreaux**
**In Proper Person**
**1403 Maude Ave.**
**Abbeville, LA 70510**
**DEFENDANT /APPELLEE**

**Perret, Judge.**

On January 28, 2025, this court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Stacy Meaux, to show cause, by brief only, why the appeal in this matter should not be dismissed as having been taken from a non-appealable, interlocutory order. Plaintiff filed a response to the rule. For the reasons given herein, we dismiss the appeal.

In the trial court below, Mr. Meaux sought a temporary restraining order (TRO) against Defendants who appear to be several of his neighbors for events stemming as far back as 2008, including disputes over trash, alleged illegal entries, and possible threats of violence. Also listed as Defendants are the City of Abbeville, the Vermillion Parish Sheriff's Office, the Vermillion Parish Police Jury, and the Louisiana Attorney General's Office, though there is no clear reason for their inclusion. The trial court held a hearing on the matter, hearing testimony from Mr. Meaux, as well as several of the Defendants. Thereafter, the trial court denied Mr. Meaux's request for the TRO. The exact judgment being appealed previously came before this court on application for supervisory writs, docket number 24-559, which was denied on December 3, 2024. This court has no indication at this time that Mr. Meaux has appealed that writ ruling to the Louisiana Supreme Court. Instead, Mr. Meaux filed the current appeal, seeking a second review of the same trial court ruling denying the TRO.

Louisiana Civil Code of Procedure Article 3612 states (emphasis added): "[t]here ***shall be no appeal*** from an order relating to a temporary restraining order." Should a party be aggrieved by a decision regarding a temporary restraining order, "the party may seek review ***by way of an application for supervisory writs*** to the court of appeal." *Thiele v. Pembo*, 23-213, p. 6 (La.App. 5 Cir. 3/13/24), 384

So.3d 1067, 1071 (emphasis added).  *See also Lepine v. Lepine*, 17-45 (La.App. 5 Cir. 6/15/17), 223 So.3d 666; *Harper v. Harper*, 00-1425 (La.App. 5 Cir. 1/30/01), 777 So.2d 1275, *writ denied*, 01-768 (La. 5/11/01), 792 So.2d 736.

Mr. Meaux is before us seeking a full appeal of the judgment rejecting his TRO.  Our law is clear that the only appellate court review allowed for any decision concerning a TRO is by an application for supervisory writs, which Mr. Meaux has already received from this court.  No issues regarding the TRO are properly before this Court *on appeal*, which is a separate procedure from a supervisory writ.  Accordingly, any allegations of error concerning that TRO *cannot* be considered by way of the full appeal Mr. Meaux now seeks, and this appeal must be dismissed in accordance with La.Civ.Code art. 3612.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.