COURT OF APPEAL, THIRD CIRCUIT

DELHI PLANTATION, LLC, ET AL.

VERSUS

FIFTH LOUISIANA LEVEE DISTRICT &
STATE OF LOUISIANA

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 50997
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**CHIEF JUDGE**
**********

Court composed of Elizabeth A. Pickett, Wilbur L. Stiles, and Clayton Davis, Judges.

**AFFIRMED.**

John D. Crigler, Jr.
Bishop, Paxton, Crigler & Moberley
124 Hancock Street
St. Joseph, LA 71336
(318) 766-4892
COUNSEL FOR DEFENDANT-APPELLANT:
    Fifth Louisiana Levee District


V. Russell Purvis
Bradley R. Burget
Smith, Taliaferro, & Purvis Attorney at Law
Post Office Box 298
Jonesville, LA 71343
(318) 339-8526
COUNSEL FOR PLAINTIFF-APPELLEE:
    Delhi Plantation, LLC
    Allred Land Company, Inc.
    Richard Calvin Alwood

**PICKETT, Chief Judge.**

In this suit to determine the value of land appropriated by a levee board, the Board of Commissioners, Fifth Louisiana Levee District (the Levee Board) appeals a judgment of the trial court awarding interest on the amount of damages awarded to the plaintiffs from the date of judicial demand.

## FACTS

The Levee Board notified the plaintiffs in this suit, Allred Land Company, Inc., Delhi Plantation, LLC, and Richard Allwood, that it intended to appropriate land adjacent to the Mississippi River for the purpose of improving and expanding levees. Each of the plaintiffs rejected the compensation offered by the Levee Board. The plaintiffs filed suit against the Levee Board and the Louisiana Department of Transportation and Development (DOTD) on October 4, 2017. Following a bench trial held over five days in September and December 2021, the trial court awarded the following amounts:

| | |
|---|---|
| Richard Allwood | $686,511.21 |
| Delhi Plantation | $940,995.89 |
| Allred Land Company | $292,833.86. |

In its July 20, 2022 judgment, the trial court awarded "judicial interest from the date of the taking of the lands on April 6, 2015, as this is an appropriation proceeding and not an expropriation proceeding." The trial court further ordered that court costs and expert witness fees would be assessed against the defendants following a contradictory hearing.

The Levee Board appealed the amount of damages awarded. While that appeal was pending, the court held a hearing on the plaintiffs' Motion for Costs and Attorney Fees. In a judgment rendered December 1, 2022, the trial court awarded attorney fees to the plaintiffs in the amount of $440,570.49 pursuant to La.R.S. 38:301(C)(2)(f). The trial court set the court costs at $173,054.34 with interest from the date of judicial demand. The Levee Board was ordered to pay

75% of the court costs, and DOTD was ordered to pay 25% of the court costs.[1] The Levee Board also appealed that judgment.

In *Delhi Plantation, LLC v. Fifth Louisiana Levee District*, 22-666 (La.App. 3 Cir. 5/24/23), 371 So.3d 470, *writs denied*, 23-1127, 23-1141 (La. 11/15/23), 373 So.3d 74, 81 (*Delhi Plantation I*), this court reversed the trial court's judgment awarding compensation for certain damages to the plaintiffs, amended the awards for other elements of damages to the plaintiffs, dismissed the claims against DOTD, and rendered judgment in favor of the plaintiffs and against the Levee Board in the following amounts:

| | |
|---|---|
| Richard Allwood | $57,819.05 |
| Delhi Plantation | $26,529.86 |
| Allred Land Company | $18,052.65. |

After the supreme court denied the writ applications of both the plaintiffs and the Levee Board, the Levee Board sent checks in the amount ordered by this court to each of the plaintiffs. These payments did not include interest.

In the appeal from the judgment awarding attorney fees and court costs, this court reversed and set aside the award of attorney fees and costs to the plaintiffs, as the amount awarded by this court in the *Delhi Plantation I* was less than the amounts originally offered to each plaintiff. *Delhi Plantation, LLC v. Fifth Louisiana Levee District*, 23-83 (La.App. 3 Cir. 4/24/24), 387 So.3d 767 (citing La.R.S. 38:301(C)(2)(f)). This court also reversed the award of legal interest on the costs assessed by the trial court.

On May 6, 2024, the plaintiffs filed a motion with the trial court seeking an order that the Levee Board be required to pay judicial interest on the amount of the judgments to each of the plaintiffs from the date of the taking, April 6, 2015.[2] The

---

[1] The original December 1, 2022 judgment incorrectly cast the Department of Natural Resources with court costs. The trial court issued an amended judgment on December 9, 2022, substituting DOTD for DNR.

[2] The amended judgment incorrectly identifies April 6, 2015 as the date the suit was filed.

2

trial court granted the plaintiffs' motion and ordered the Levee Board to pay judicial interest from the date of the taking until paid.[3]

The Levee Board appeals that judgment.

## ASSIGNMENT OF ERROR

The Levee Board assigns one error:

> The trial court's award of interest after the final judgment of this court had reversed that award was error.

## DISCUSSION

There is no dispute as to the facts giving rise to this appeal. The trial court awarded certain damages to the plaintiff for appropriation of their land for the purpose of improving levees. This damage award included legal interest from the date of the taking. On appeal in *Delhi Plantation I*, 371 So.3d 470, this court reversed the judgment of the trial court, stating in its conclusion:

> For the foregoing reasons, the award of the trial court is reversed and DOTD is dismissed with prejudice. Judgment is rendered in favor of Plaintiffs and against the Levee Board in the following amounts[.]

*Id.* at 486. The damages awarded by this court do not include interest on the amount awarded. In their application for rehearing with this court in *Delhi Plantation I*, the plaintiffs did not seek an award of interest on the judgment rendered by this court.

The Levee Board argues that the trial court was without authority to amend or modify this court's decision in *Delhi Plantation I*. In that decision, the Levee Board argues this court reversed the judgment of the trial court, which included an award of interest on the amount of compensation from the date of the taking of the property, and rendered an award of compensation that did not include reference to legal interest on the amounts awarded. In support of its position, the Levee Board

---

[3] The trial court initially rendered a judgment with improper decretal language. This court remanded the matter to the trial court to enter an amended judgment that identified the parties for and against whom the judgment was rendered.

cites *O'Brien v. O'Brien*, 347 So.2d 1288 (La.App. 1 Cir. 1977) and *1026 Conti Condominiums, LLC v. 1025 Bienville, LLC*, 19-826 (La.App. 4 Cir. 8/5/20), 364 So.3d 297, *writ denied*, 20-1124 (La. 11/10/20), 303 So.3d 1044. In each of these cases, the courts stated:

> Generally, "the effect of a general and unqualified reversal of a judgment, order, or decree is to nullify it completely and to leave the case standing as if such judgment, order, or decree had never been rendered, except as restricted by the opinion of the appellate court."

*O'Brien*, 347 So.2d at 1289-90 (quoting 58 C.J.S. *Appeal and Error* § 1950 [now at 5 C.J.S *Appeal and Error* §1126 (2019)]); *1026 Conti Condominiums*, 364 So.3d at 303.

In *O'Brien*, the trial court initially reduced the alimony due to the wife. The wife appealed, and the court of appeal reversed the judgment reducing the decrease in alimony payments. The wife then went back to court to recover past-due alimony. The trial court awarded the wife the difference in the alimony payments from the time of the trial court's initial judgment until the reversal of that judgment by the court of appeal. The husband appealed. In this second appeal, the court found that "the reversal by the Court of the reduction of alimony places the parties in the same position as if no reduction had ever been decreed[.]" *Id.* at 1290. The judgment of the trial court was affirmed.

In *1023 Conti Condominiums*, the plaintiff filed a petition to determine the existence and scope of its servitude on property owned by the defendant. The trial court originally granted summary judgment in favor of the defendant in 2011, finding that a servitude existed and defining the scope of the servitude. On appeal, the fourth circuit affirmed the finding that a servitude existed, but determined there were genuine issues of material fact that precluded a determination of the scope of that servitude. The case was remanded to the trial court for trial. Following protracted litigation, the trial court found the servitude was more limited than

originally determined in the 2011 judgment. The plaintiff appealed and argued that the trial court's ruling limiting the scope of the servitude was in contravention of the rules regarding amendment of judgments, the law of the case doctrine or res judicata principles. The court of appeal found that "the 2011 judgment rendered by the trial court was extinguished by our decision in [the first appeal]." *Id.* at 303. Thus, res judicata did not apply.

We first note that the award of interest on the damages awarded by the trial court was not an issue raised in *Delhi Plantation I*. In that opinion, we note that this court did outright reverse certain damage awards to the plaintiffs, notably compensation for the removal of dirt from borrow pits to each of the plaintiffs, lost Conservation Reserve Program payments to Allred Land Co., and damages for loss of access to Delhi Plantation and Allred Land Co. This court also reversed the judgment overruling the exception of no cause of action filed by DOTD, and as a result dismissed the plaintiff's claims against DOTD with prejudice. On the issues of calculating the extent and value of the compensable non-batture property appropriated by the Levee Board, the result of this court's opinion is that the damages awarded to the plaintiffs were amended rather than outright reversed.

The plaintiffs correctly argue that interest on a judgment awarding compensation for the taking of lands appropriated for a levee servitude accrue from the date of the taking. *See Magee v. West Jefferson Levee District*, 17-294 (La.App. 5 Cir. 12/13/17), 235 So.3d 1230 (citing *S. Lafourche Levee Dist. v. Jarreau*, 16-788 (La. 3/31/17), 217 So.3d 298).

We find that the previous opinion of this court in *Delhi Plantation I* did not address the issue of interest on the judgment, as that issue was not raised in the appeal. As that judgment was not a complete reversal but amended certain elements of the damages found owing to the plaintiffs by the Levee Board, the obligation to pay interest on those amounts awarded remained. We find the Levee

5

Board's reliance on *O'Brien*, 347 So.2d 1288, is misplaced, because this court's previous opinion did not constitute an "unqualified reversal" of the trial court's original judgment. Thus, the Levee Board is required to pay legal interest from April 6, 2015 until February 1, 2024, the date payment was tendered to the plaintiffs.

**CONCLUSION**

The judgment of the trial court awarding interest on the judgment from the date of the appropriation of the plaintiff's property to the date the judgment was paid is affirmed. Costs of this appeal in the amount of $546.00 are assessed against the Levee Board.

**AFFIRMED.**